Ruth L Cohen, Esq.
Nevada Bar No. 1782
Paul S. Padda, Esq.
Nevada Bar No. 10417
COHEN & PADDA, LLP
4240 W. Flamingo Rd. Suite 220
Las Vegas, NV 89103
Tel: (702) 366-1888
Fax: (702) 366-1940

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| T'Erica Deguzman, Individually, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| NEVADA H.A.N.D., Inc., a Domestic Non-Profit Corporation; | ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT WITH JURY DEMAND**

Plaintiff by and through attorneys of record, PAUL S. PADDA, ESQ. and RUTH L. COHEN, ESQ., of the law firm COHEN & PADDA, LLP, hereby alleges the following in support of this lawsuit:

**I.**

**JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION**

1. This is a civil action for damages brought by Plaintiff to remedy discrimination on the basis of race and retaliation, and to seek relief under applicable state and federal anti-discrimination statutes.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" within Clark County, Nevada.

3. Plaintiff is asserting statutory claims under the following statutes:

- Nevada anti-discrimination statutes, N.R.S. § 613.330 et seq.;
- Federal anti-discrimination statute, Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e et seq., as amended (Title VII);

4. Damages and other appropriate legal and remedies are sought by Plaintiff pursuant to N.R.S. § 613.330 et seq., 42 U.S.C. § 2000e et seq., as amended.

## II.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about November 3, 2011, Plaintiff filed a formal charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff's EEOC filing fulfilled her obligation to initiate an administrative claim before seeking review in this Court.

6. In the EEOC filing, Plaintiff alleged facts demonstrating that she had been subjected to illegal employment discrimination based on race and retaliation.

7. In this case, Plaintiff has alleged that she was subjected to an illegal employment action that took place on or about May 1, 2011 through June 6, 2011.

8. On or about May 9, 2014, Plaintiff received a "Notice of Suit Rights" that was dated May 6, 2014. This Notice gave Plaintiff the ability to file a suit against her former employer for the discriminatory actions alleged in this formal Complaint. This notice also

advised Plaintiff that she must file within 90-days of receipt or lose the right to sue on the allegations. Plaintiff's receipt of this letter was a prerequisite to initiating the instant litigation.

### III.

### PARTIES

9. Plaintiff, T'Erika Deguzman, is an African American, adult female resident of Clark County, Nevada.

10. Defendant, Nevada H.A.N.D., Inc., ("Nevada H.A.N.D.") is a Domestic Non-Profit Corporation qualified in the state of Nevada.

### IV.

### FACTUAL BACKGROUND

11. Plaintiff, was hired by Nevada H.A.N.D. as a Leasing Agent for Apache Pines, a property managed by Nevada H.A.N.D., on or about November 16, 2010, by George Johnson (Caucasian).

12. On or about March 11, 2011, Mr. Johnson's employment with Nevada H.A.N.D. ended and Mr. Johnson was replaced as manager by Angela Pintado (Hispanic).

13. On or about May of 2011, Ms. Pintado, began making offensive comments, remarks and insults about Plaintiff to other coworkers, including but not limited to, telling Plaintiff she looked like a "crack head" and referring to African American employees as "nigga" in a text message dated May 17, 2011.

14. Shortly after viewing the May 17, text message, Plaintiff requested a meeting with Shirley De La Mora from regional management to complain about the discriminatory treatment she and other African American employees were being subjected to by Ms. Pintado. Plaintiff was

not scheduled for a meeting, and the following day Ms. Pintado walked passed Plaintiff in an aggressive manner asking Plaintiff if she "got her meeting".

15. Shortly thereafter, Plaintiff's desk was moved directly outside of the leasing office into the lobby, a location that was not occupied by any other employees.

16. On or about May 19, 2011, only days after complaining to Ms. De La Mora about Ms. Pintado's actions, Plaintiff received a written warning from Ms. Pintado for unsatisfactory performance of job duties.

17. On or about June 16, 2011, Plaintiff was informed by Ms. Pintado that she was being terminated for not performing work in a timely manner.

## V.

### FIRST CAUSE OF ACTION
(Discrimination based on Race in Violation of
State and Federal Anti-Discrimination Statutes)

18. Plaintiff repleads and realleges every allegation contained in Paragraphs 1 through 17 with the same force and effect as if set forth herein.

19. As an employee, Plaintiff was a person entitled to protection under Nevada's anti-discrimination statute, N.R.S. § 613.330 et seq. and the aforementioned federal statutes, Title VII and §1981.

20. Defendant had a legal obligation, pursuant to the aforementioned state and federal statutes, the policy of the State of Nevada, and their own internal corporate policies, to maintain a workplace free of unlawful discrimination.

21. Despite these laws, Defendant and its employees, subjected Plaintiff to different terms and conditions of employment because of her race, African-American, and her color, black, and treated similarly situated, but non-black, individuals more favorably.

22. This illegal disparate treatment included, but is no limited to the following: differing (and lack of) management and corporate support and assistance; hostility; stricter scrutiny and supervision; inadequate or unsatisfactory oversight and control of managers and supervisors; and ultimately, termination of her employment for alleged infractions or shortcomings.

23. Even after this Plaintiff complained to her regional manager, Defendant failed to rectify the situation.

24. Defendant created, allowed and tolerated a workplace where illegal disparate treatment on the basis of race was not prevented, and when it did occur, was not recognized or remedied.

25. Defendant discriminated against Plaintiff, an African-American whose skin color is black, in violation of federal and state law, when it tolerated and ratified racial discrimination in their workplace.

26. By engaging in these actions, Defendant violated federal and state law, including, but not limited to, N.R.S. 613. 330 et seq., and Title VII of the Civil rights Act of 1964, as amended, U.S.C. § 2000e et seq. Plaintiff is seeking all legal remedies to which she is entitled under these laws.

27. Defendant has illegally discriminated against the Plaintiff because of her race, and the Plaintiff has been injured and damaged by this discrimination. Those damages include, but are not limited to, substantial economic losses and also mental anguish, emotional harm, and humiliation caused by the discrimination while she was employed and then in the loss of her job. Pursuant to Title VII, 42 U.S.C. § 2000e et. seq., the Plaintiff is entitled to be made whole and fully compensated for all damages and injuries suffered, including recompense in the form of

back pay and front pay, and compensatory damages for the emotional pain and anguish suffered by them in an amount to be determined at trial.

28.  Defendant's, and its employees, acts of discrimination were performed with malice and/or reckless indifference to Plaintiff's protected civil rights and/or constituted or contributed to the intentional discrimination of Plaintiff in the face of a perceived risk that those actions or omissions would violate federal law. Therefore, the Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant and all others from engaging in illegal discrimination based on race and/or color.

29.  It has been necessary for the Plaintiff to retain the services of attorneys, pursuant to 42 U.S.C. § 2000e-5(k), she is entitled to recover reasonable costs and attorneys fees.

## VI.

### SECOND CAUSE OF ACTION
### (Retaliation)

30.  Plaintiff repleads and realleges every allegation contained in Paragraphs 1 through 29 with the same force and effect as if set forth herein.

31.  The aforementioned state and federal statutes which prohibit racial discrimination also prohibit retaliation against any individual engaged in reporting or complaining about possible discrimination or acts which might constitute discrimination.

32.  Defendant subjected Plaintiff to retaliation when Defendant failed to take preventative action to protect her, continued to employ individuals who discriminated against Plaintiff, and allowed its employees to continue to treat Plaintiff differently than similarly situated, non-African American Leasing Agents.

33.  The actions of the Defendant constitute illegal retaliation and are prohibited by law.

34. Plaintiff has been seriously harmed, economically and emotionally, by this unlawful discrimination in the form of retaliation by this Defendant and she is entitled to be fully compensated therefor.

35. As a direct and proximate result of Defendant's wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has had to secure the services of an attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for her attorneys fees and costs.

## X.

## DEMAND FOR JURY TRIAL

36. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff invokes her right to trial by jury in this civil action.

## XI.

## RELIEF REQUESTED

**WHEREFORE,** in the light of the foregoing, Plaintiff requests that the Court enter the following relief in this matter:

   a. Set this matter for trial by jury on a date certain;

   b. Award Plaintiff an amount equal to the wages, salary, benefits, and all other compensatory damages recoverable by law he would have earned had he not been wrongfully terminated;

   c. Award Plaintiff special and general damages for all damages he suffered as allowed or recoverable by law;

     d.    Award Plaintiff punitive damages in an amount to be determined at trial, in an amount sufficient to punish Defendants and deter them from engaging in their wrongful conduct;

     e.    For pre-judgment and post-judgment interest, as provided by law;

     f.    Award Plaintiff costs and reasonable attorneys fees; and

     g.    Award all other just and proper relief.

DATED this ___1st___ day of August, 2014.

Respectfully submitted,

COHEN & PADDA, LLP

_/s/ Ruth L. Cohen_

RUTH L. COHEN, ESQ.
Nevada Bar No. 1782
PAUL S. PADDA, ESQ.
Nevada Bar No. 10417
4240 West Flamingo Road, Suite 220
Las Vegas, NV 89103
TEL: (702) 366-1888
FAX: (702) 366-1940
WEB: caplawyers.com

*Attorneys for Plaintiff*